22123

Arnold BARON and Richard E. Bell, Respondents, v. Herbert KNOHL, Nell Margaret Knohl, Ron Rocci, James Moss, Nancy Kroske, Bob Nordman and J. E. Pickens, Defendants, of whom Herbert Knohl, Nell Margaret Knohl, Ron Rocci, Nancy Kroske and Bob Nordman are Appellants.

Appeal of Herbert KNOHL.

(316 S. E. (2d) 674)

Supreme Court

*Vance B. Drawdy,* of *Horton, Drawdy, Hagins, Ward & Johnson,* Greenville, *for appellants.*

*W. Jerry Fedder,* of *Fedder, Derrick, Ritter & Williams,* Seneca, *for respondents.*

June 6, 1984.

LEWIS, Acting Justice:

This action involves the application of certain restrictive covenants established over a subdivision in Oconee County, South Carolina, known as Knollwood Manor. Appeal is from an order overruling a demurrer to the complaint.

The complaint alleges that appellants Herbert Knohl and Nell Margaret Knohl, as owners and developers, established and recorded restrictive covenants on the lots in Knollwood Manor Subdivision. The restrictive covenants, in Item 2 thereof, contain a provision that no building shall be erected on any building lot until the plans, showing the specifications and location of the building on the lot, are approved in writing by a committee composed of the original developers and one J. M. Beeson. The remaining appellants are alleged to be present members of the committee charged with the duty of approving plans for construction, according to the restrictive covenants imposed on the lots in the subdivision.

It is further alleged that plaintiffs (respondents) had contracted to purchase lot No. 7 in the subdivision from its present owner, George Holmelund, and proposed to subdivide the lot into two lots for the purpose of erecting a residence building on each. Respondents submitted plans accordingly to the Committee, which were rejected because, in the view of the Committee, the restrictions imposed on the subdivision prohibited the division of lot No. 7 into two separate building lots. This action was then instituted by respondents to determine whether the rejection by the Committee of the plans submitted was reasonable and proper under the applicable restrictive covenants.

Subsequently, a demurrer to the complaint was filed. Prior to the hearing of that demurrer, respondents filed an amended complaint, to which appellants again demurred. The demurrer challenged the original and amended complaints upon the grounds that (1) respondents did not have legal capacity to sue since they had only contracted to purchase the

lot and did not have legal title thereto; (2) there is a defect of parties in that neither the legal owner of lot No. 7 nor all of the lot owners in the subdivision were made parties to the action; and (3) several causes of action were improperly united.

After the hearing on the demurrer and before the issuance of the order overruling the demurrer, respondents filed a second amended complaint in which they named George Holmelund, as the legal owner of lot No. 7, a party-plaintiff to the action and deleted subparagraph 7(e) of the prior complaint. The deleted portion alleged that the provisions of the restrictive covenant, relating to the powers of the Committee, constituted an unreasonable restriction in alienation of property.

Although the record fails to show that the second amended complaint was before the trial judge when he considered the demurrer, he included it as a part of the appeal record. Appellants have appealed from the order settling the record and contend that the inclusion of the second amended complaint injected irrelevant matters. We find no error in the inclusion of this amended complaint in the record. If for no other reason, it shows respondents consent to the construction placed on the complaint by the trial judge and a concession by respondents that the legal owner was a proper party to the action.

Exceptions which allege error in the order settling the record on appeal, because of alleged inconsistencies between it and the order overruling the demurrer, are without merit, and are overruled.

Questions relative to the legal capacity of respondents to sue and the absence of the legal owner as a party are, therefore, no longer at issue, since respondents have conceded by the service of their second amended complaint that the legal owner is a proper party to the action.

Much of the controversy in this appeal centers around the nature of the cause of action set forth in the amended complaint. The trial judge construed the complaint as alleging solely a cause of action to determine whether the action of the Committee in rejecting the plans submitted by respondents was reasonable and proper. As stated by the trial judge, the action is "solely one seeking to overturn certain acts of . . . (the) committee created by . . . the restrictive covenants . . . as beyond the power granted to it and as conflicting with certain

provisions of the restrictive covenants." Respondents have not appealed from, and accept, this construction of the pleadings, which governs our determination of the appeal.

In our view, all other issues are resolved by a determination of whether as contended by appellants, all other lot owners in the subdivision are necessary and indispensable parties to a determination of the validity of the action of the committee in rejecting the plans submitted by respondents for the construction of dwellings on lot No. 7 as subdivided.

The restrictive covenants in question are made a part of the complaint in this matter and are admitted for the purposes of consideration of the demurrer.

The applicable restrictions are recorded and, by their terms, "run with the land and shall be binding on all persons claiming under them until January 1, 2000."

The authority to approve or disapprove the plot plans submitted for construction is placed in the committee established by the restrictive covenants which are binding upon all lot owners in the subdivision. Since the action is solely to determine the reasonableness of the actions of this committee, all lot owners in the subdivision are not necessary and indispensable parties to a determination of that issue.

The enforcement of restrictive covenants requiring consent to build is the subject of an annotation in 40 ALR3d 864. Also, annotation in 19 ALR2d 1274, dealing with "validity, construction and effect of restrictive covenant requiring consent of third person to construction on lot." *Hollingsworth v. Szczesiak,* 32 Del. Ch. 274, 84 A. (2d) 816, 821; 20 Am. Jur. (2d), Covenants, Conditions, etc., Section 182, p. 784.

Judgment is accordingly affirmed and the cause remanded for further proceedings.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.